# In the United States Court of Federal Claims

No. 24-717
(Filed: May 9, 2024)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * **   *
                                   *
ELISSA BOMAR,                      *
                                   *
                    Plaintiff,     *
                                   *
        v.                         *
                                   *
THE UNITED STATES,                 *
                                   *
                    Defendant.     *
                                   *
  * * * * * * * * * * * * * * * **  *
```

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

We all have debts to pay in this life, but *pro se* plaintiff Elissa Bomar insists that United Credit and Collections Inc. cannot collect on hers.  Plaintiff filed this case on April 24, 2024, alleging various violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA).  ECF No. 1 at 1.  She reports that "United Credit and Collections Inc. ("Defendant") has engaged in debt collection activities against" her "[d]espite multiple requests to cease and desist[.]"  *Id.* at 2.  Plaintiff argues that United Credit and Collections is "not a legal collection agency, nor is it bonded or licensed to engage in debt collection activities[,]" and has both "failed to comply with the FCRA's requirements regarding accuracy and fairness in credit reporting" and "violated numerous provisions of the FDCPA, including harassment, false or misleading representations, and failure to validate debts."  *Id.*  She seeks both monetary and equitable relief, *id.* at 3, and contends that this Court has the jurisdiction to grant such relief under "28 U.S.C. § 1331 (federal question jurisdiction) and 15 U.S.C. § 1692k (jurisdiction over FDCPA claims)," *id.* at 1.  Although the caption to the complaint lists the United States as the defendant, the text of the complaint makes clear that this suit is against United Credit and Collections, which Plaintiff states is the "Defendant."  *Id.* at 2.

Several crucial deficiencies prevent the Court from entertaining Plaintiff's complaint further.  As many other judges of this Court have stressed, only the United States can be a defendant in this Court.  *Perry v. United States*, 149 Fed. Cl. 1, 15 (2020), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021) (stating that, in the Court of Federal Claims, "the United States must [not only] be included as a party defendant, but also . . . must be the sole defendant named in the complaint."); *Kemp v. United States*, 124 Fed. Cl. 387, 392–93 (2015)

("The *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."); *Proxtronics Dosimetry, LLC v. United States*, 128 Fed. Cl. 656, 673 (2016) ("[I]t is well settled that the United States is the only proper defendant in the Court of Federal Claims.") (citing 28 U.S.C. § 1491(a)(1)).  While Plaintiff may have captioned the suit as against the United States, this labeling does not alter the substance of Plaintiff's complaint. Plaintiff does not mention the United States anywhere in her complaint, as all her admittedly few factual allegations refer to United Credit and Collections and its activities rather than to the federal government.  *See* ECF No. 1 at 1–3.  This Court has no jurisdiction over United Credit and Collections.  Furthermore, Plaintiff claims as her basis for jurisdiction "28 U.S.C. § 1331 (federal question jurisdiction) and 15 U.S.C. § 1692k (jurisdiction over FDCPA claims)," *id.*, neither of which applies to this Court.  *Hall v. United States*, 69 Fed. Cl. 51, 56 (2005) ("The United States Court of Federal Claims . . . is not a United States District Court and, therefore, does not have jurisdiction over claims arising under 28 U.S.C. § 1331."); *Stephens v. United States*, 165 Fed. Cl. 341, 350 (2023) ("Because Plaintiff may seek relief—to the extent any exists—according to the terms of the FDCPA, the FDCPA displaces the Tucker Act and thus deprives this court of jurisdiction.") (internal quotations omitted).  Plaintiff's complaint has nothing to do with claiming monetary damages against the United States.

In short, Plaintiff misunderstands the jurisdiction and purpose of this Court, which generally can entertain cases based only on "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  That jurisdiction does not include cases against private parties.  For want of jurisdiction, the Court **DISMISSES** this case. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
Zachary N. Somers
Judge